CHIASSON, Judge.
Plaintiffs-appellants, Malak Abou-Har-gah and Ahmed Elariny, husband and wife, purchased a 1976 Buick Century automobile on November 19, 1975, from defendant Miller Terrell, Inc. (dealer), which had been manufactured by defendant General Motors Corporation. Plaintiffs filed suit for rescission of the sales contract and for damages on February 26, 1976 against both defendants and another suit seeking the same relief against defendant Miller Terrell, Inc., only, on September 17, 1976. Both suits *486 were consolidated for trial and judgments were rendered dismissing these actions.
Plaintiffs alleged that the automobile contained vices and defects on the day of the sale consisting of:
1. Body vibration and rattles;
2. Wind comes in through windshield and right door;
3. Engine malfunction on several occasions;
4. Brakes are defective.
Plaintiffs assignment of errors are:
“(1) The Honorable Trial Court erred in failing to find redhibitory defects present in the vehicle sued upon on the date of purchase.
“(2) The Honorable Trial Court erred in holding testimony as to the condition of the vehicle on a particular day, i. e., April 29, 1976, by defendants’ witnesses, negated the preponderance of evidence that the vehicle had redhibitory defects on its date of purchase.”
Plaintiffs, Mrs. Abou-Hargah, testimony is that she noticed the vibration on the date of purchase as soon as she drove the automobile on the road. About four weeks later she noticed rattles in the car, the windshield wiper malfunctioned, and the four doors were not properly aligned. On December 18, 1975, she brought the car to the dealer for repairs of these complaints. She thereafter went on a long trip for about ten days and still had the same complaints. On February 4, 1976, she brought the car back to the dealer with complaints that the windshield wiper was not operating properly, the right door, rattled, the brakes were not working properly, wind noise in the windshield and a heating problem. On February 9, 1976, she was involved in a noncollision accident on a wet day. At trial she stated that the accident was caused by defective brakes. Immediately after the accident she took the car to the dealer for an estimate as to the cost of repairs and to have the brakes checked. This was her last visit to the dealer.
Plaintiff also had an expert examine her car who testified at the trial. This expert examined the subject vehicle on February 4, 1977 and March 24, 1977, some fifteen months from the date of sale and after 30,620 miles had elapsed on the vehicle’s odometer.
Defendants, on the other hand, contend that the vehicle was repaired on the two occasions when it was brought in for repairs and that the vibration or rattle was no more than normal for a V-6 engine. Defendants had conducted a road test of the vehicle on April 29, 1976, and the four participants therein all testified at the trial and were in general agreement with defendants’ positions.
Defendants never did find the brakes to be defective. Immediately after the accident plaintiff drove the automobile to the dealer.
Factual findings of the trier of facts are entitled to great weight on appellate review. Where there is conflicting testimony, reasonable evaluations of credibility and reasonable inferences of fact made by the trier of facts should not be disturbed on appeal. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The trial judge weighed all the facts, testimony and evidence and found that the plaintiffs had failed to prove “by a preponderance of the evidence that there were defects that existed at the time of the sale or manifested themselves within three days thereafter that would render this car completely useless for the purposes for which it was purchased.” We find no manifest error in this conclusion which is amply supported by the record herein.
The judgments are affirmed at plaintiffs’ cost.
AFFIRMED.